IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN TRAVIS HART,<br><br>    Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 1:17-cr-00016-DAK<br><br>Judge Dale A. Kimball |

INTRODUCTION

This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) [ECF No. 23.] Defendant requests that the court release him from custody due to Covid-19 and his underlying health conditions. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP"). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, Defendant first filed his own Motion for Compassionate Release [EFC No. 23] on July 21, 2020. A few months later, Defendant's counsel filed a Supplemental Motion for Compassionate Release [EFC No. 29.] Pursuant to General Order 20-019, the United States filed an opposition to Defendant's motion [EFC No. 32], and the United States Probation Office filed a recommendation that the court deny the motion. Defendant did not file a reply in support of his motion and the time for doing so has passed.

## DISCUSSION

On June 14, 2017, Defendant pleaded guilty to one count of Possession of a Controlled Substance with Intent to Distribute [EFC No. 25 (Sealed).] The court sentenced him to a total term of 144 months followed by 60 months of supervised release. [EFC No. 21.] As of October 5, 2020, Defendant has served a total of three years, seven months, and 13 days of his prison term, which represents 30.1% of his full term and 35.3% of his statutory term. Defendant's projected release date is May 16, 2027.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). The court finds that Defendant has failed to meet his burden for three reasons: (A) Defendant did not properly exhaust his administrative remedies; (B) Defendant failed to establish "extraordinary and compelling" reasons to justify a reduction in his sentence; and (C) Defendant failed to establish that he will not pose a threat to the community if the court grants his request for a reduction in his sentence.

### A. <u>Exhaustion</u>

Defendant did not properly exhaust his administrative remedies. Defendant first petitioned the warden for a reduction in his sentence on July 21, 2020. Yet, four days earlier, Defendant filed his pro se motion in this court on July 17, 2020. Even though Defendant's counsel filed a supplemental motion more than 30 days after the warden's decision, that supplemental motion relates to Defendant's premature pro se motion. Accordingly, Defendant

did not properly exhaust his administrative remedies and, therefore, the court is persuaded that it should deny Defendant's Motion.

B. **Extraordinary & Compelling Reasons**

Even assuming that Defendant properly exhausted his administrative remedies, Defendant failed to demonstrate that there are "extraordinary and compelling reasons" for a reduction in his sentence. Defendant's argument rests solely on the fact that he suffers from lupus and this condition requires him to regularly take corticosteroids. Taking corticosteroids, according to both parties and the CDC, weakens the immune system. Despite Defendant's condition and his weakened immune system, the court is not convinced that Defendant's situation rises to the level of "extraordinary and compelling" to warrant a reduction in his sentence at this time.

Defendant is currently being held at the federal correctional institution in Florence Colorado ("FCI Florence"). As of the date of this Order, FCI Florence has only eight active Covid-19 cases (two inmates and six staff). None of the inmates or staff from FCI Florence have died from Covid-19. The warden, who is in the best position to assess Defendant's medical situation, determined that Defendant did not meet the criteria for a "debilitated medical condition" that would merit a sentence reduction. Additionally, Defendant has not demonstrated—or even argued—that his medical condition has not been or will not be well-managed by the BOP or staff at FCI Florence.

To be clear, the court does not wish to minimize the seriousness of Defendant's condition or convey that lupus may never warrant a reduction in sentence. Rather, the court finds that Defendant has not made an adequate showing that his condition and FCI Florence's management of Covid-19 warrant a reduction in his sentence. In sum, the Defendant has not sufficiently

demonstrated that his condition "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility." U.S. Sentencing Guideline Manual § 1B1.13 cmt. 1(A)(ii)(I). Nonetheless, even if Defendant's condition warranted a reduction in his sentence, Defendant did not establish that he would not pose a significant danger to the community if the court grants his Motion.

### C. **Danger to Community**

To grant a motion for compassionate release, a court must determine that the defendant is "not a danger to the safety of any other person or to the community." U.S. Sentencing Guideline Manual § 1B1.13(2). In making such a determination, the court must look to the factors listed in 18 U.S.C. § 3553(a). *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). The relevant portion of the statute requires a court to: consider the "nature and circumstances of the offense and the history and characteristics of the defendant"; "afford adequate deterrence to criminal conduct"; and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2). Here, Defendant's criminal history is extensive and serious.

Defendant has failed to make an adequate showing that he will not pose a danger to his community if the court granted his motion. Defendant only offers a conclusory argument that his "conduct in prison has shown that he will not be a danger if released" because he has "been in custody for about three years and that time has passed without any disciplinary incident" and has "received drug treatment that addressed a root-cause of his prior criminality."[EFC No. 29 p. 11.] This cursory argument does not persuade the court that Defendant would not pose a threat if released early because of the nature of Defendant's criminal history.

Defendant's criminal history spans his entire adult life and includes: multiple felony drug convictions for illegal possession of methamphetamine; multiple federal felony convictions for

being a felon in possession of a firearm and ammunition; misdemeanor convictions for carrying a concealed dangerous weapon; felony attempted escape from official custody; misdemeanor of absconding supervision; felony forgery; and a misdemeanor for driving under the influence. Most of Defendant's convictions involve repeated and serious violations of federal law. Specifically, the court is troubled by Defendant's repeated firearm and drug convictions. Such crimes certainly imperil the safety of the community. Thus, the court is unpersuaded that Defendant's drug treatment and good behavior over the last three years—which is, notably, only 30.1% of his full term—are enough to demonstrate that Defendant does not pose a threat to the community at this time.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) [ECF No. 23] is DENIED

DATED this 10th day of November, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge